**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMIL CARTER,

    Petitioner,

v.                                                               Case No. 18-13034

THOMAS WINN,

    Respondent.
                                                /

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTIONS TO APPOINT COUNSEL AND HOLD PETITION IN ABEYANCE, AND DENYING CERTIFICATE OF APPEALABILITY**

    Michigan prisoner Jamil Carter has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal proceedings as well as a motion to hold the petition in abeyance and a motion for appointment of counsel. Petitioner pleaded guilty to second-degree murder and possession of a firearm during the commission of a felony, second offense, in Wayne County and was sentenced in 2015 to consecutive terms of 19 to 60 years' imprisonment and five years' imprisonment. In his petition, he raises claims concerning his actual innocence, the conduct of the prosecutor, and the effectiveness of trial and appellate counsel. For the reasons explained below, the court will dismiss without prejudice the habeas petition and will deny the motions to hold the petition in abeyance and appoint counsel.

## I. DISCUSSION

    Promptly after the filing of a habeas petition, the court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face

of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) ("the district court has the duty to screen out petitions that lack merit on their face") (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). Petitions which raise legally frivolous claims and those containing palpably incredible or false factual allegations may be dismissed under Rule 4. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue to the state courts for review before raising the issue in a federal habeas petition. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Exhaustion also requires that the petitioner invoke "one full round" of the state's appellate review process by presenting each claim to the Michigan Court of Appeals *and* the Michigan Supreme Court. *O'Sullivan*, 526

U.S. at 845; *Morse v. Trippett*, 37 Fed. App'x 96, 103 (6th Cir. 2002). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has not exhausted all of his habeas claims in the state courts. (Dkt. #1, PageID 5.) Petitioner's application for leave to appeal the trial court's denial of his motion for relief from judgment is pending before the Michigan Supreme Court. He seeks a stay until the Michigan Supreme Court rules on his application.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, the petitioner demonstrates "good cause" for failing to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277–78. Stay and abeyance is generally reserved for cases where the AEDPA's one-year limitations period is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition. *See, e.g., Moore v. Hofbauer*, No. 07-10687, 2007 WL 317968, *2–3 (E.D. Mich. Oct. 16, 2007).

This is Petitioner's second habeas petition. In February 2018, Petitioner filed a habeas corpus petition challenging the same convictions for which he seeks relief in this petition. He also filed a motion to hold his petition in abeyance. At that time,

Petitioner's motion for relief from judgment was pending in the Michigan Court of Appeals.  The court found that over nine months of the AEDPA's limitations period remained providing Petitioner ample time to return to federal court after completing exhaustion of state court remedies.  *Carter v. Balcarcel*, No. 3:18-CV-10618, 2018 U.S. Dist. LEXIS 55336, at *6 (E.D. Mich. Apr. 2, 2018).  The limitations period has been, and will continue to be, tolled during the time in which Petitioner's application for leave to appeal the trial court's denial of his motion for relief from judgment is pending in state court.  *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219–21 (2002).  Petitioner will have nine months to file a habeas petition in federal court after the Michigan Supreme Court rules on his pending application.

Thus, for the same reasons the court denied a stay in Petitioner's prior habeas proceeding, the court finds a stay is unwarranted and non-prejudicial dismissal of the petition appropriate.

## II.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  In this case, the court

concludes that reasonable jurists would not debate the court's procedural ruling. Therefore, the court will deny a certificate of appealability.

### III. CONCLUSION

Petitioner has a matter pending in the state courts concerning the convictions and sentences at issue in this case; therefore, a stay is unwarranted. Should Petitioner wish to seek federal habeas relief after the conclusion of his state collateral review proceedings, he must file within nine months of receiving a final judgment from the Michigan Supreme Court. The court makes no determination as to the merits of Petitioner's claims. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus (Dkt. # 1) is DISMISSED WITHOUT PREJUDICE and the motions for appointment of counsel (Dkt. # 3) and to hold the habeas petition in abeyance (Dkt. # 4) are DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

                                    s/Robert H. Cleland
                                    ROBERT H. CLELAND
                                    UNITED STATES DISTRICT JUDGE

Dated: November 19, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 19, 2018, by electronic and/or ordinary mail.

                                    s/Lisa Wagner
                                    Case Manager and Deputy Clerk
                                    (810) 292-6522